IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,                    )    CRIMINAL CASE NO. CM572-11
                                   )
        vs.                        )    **DECISION AND ORDER**
                                   )    (Motion to Dismiss)
WILLIAM JUNIOR SINGEO,             )
                                   )
                      Defendant.)
_____

The matter came before the HONORABLE ELIZABETH BARRETT-ANDERSON on December 22, 2011 for Defendant's Motions to Dismiss (hereinafter referred to as "Motion"). Defendant was not present, but was represented by Attorney Suresh Sampath. People were represented by Assistant Attorney General James C. Collins. The Court having considered all the oral arguments, briefs, and materials filed herein now renders the following decision.

Guam's Supreme Court held[1]: "that unless good cause is shown, a complaint shall be dismissed where a defendant is not promptly arraigned within 60 days of the filing of the complaint." *People v. Rasauo*, 2011 Guam 14 ¶ 16. Defendant argues that pursuant to *People v. Rasauo,* 2011 Guam 14 (hereinafter referred to as *Rasauo II*"), this case should be dismissed with prejudice because Defendant was not arraigned within sixty (60) days after the Complaint was filed. *See also* 8 GCA § 60.10. People argue that the Court should find good cause exists for the delay, and therefore, the dismissal would be inappropriate. As required by *Rasauo II*, this Court will review the specific facts in this case to determine whether or not there was good cause for the delay in arraigning Defendant beyond the sixty (60) days after the Complaint was filed. *Rasauo*, 2011 Guam 14 ¶¶ 10, 14.

Defendant was arrested on December 19, 2010 and given a notice to appear ("NTA") with a date of December 28, 2011. On May 4, 2011, the Complaint was filed; and on May 17, 2011, a Summons was issued for an arraignment scheduled on June 22, 2011. After forty-nine (49) days had passed from the filing of the Complaint, Defendant appeared at the June 22, 2011

---

[1] This holding is hereinafter referred to as the "60 day rule."

hearing. In order to provide Defendant the opportunity to obtain counsel, the arraignment was continued until July 27, 2011, thirty-five (35) days later. Defendant appeared and was appointed counsel at the July 27, 2011 hearing. In order to provide Defendant the opportunity to meet and confer with counsel, the arraignment was continued until August 24, 2011, twenty-eight (28) days later. One hundred twelve (112) days after the Complaint was filed, Defendant was finally arraigned on August 24, 2011.

The time between the Complaint and the first appearance on June 22, 2011 does not violate the 60 day rule announced in *Rasauo II*. However, the Court must determine if the time between June 22, 2011 and August 24, 2011 constitutes good cause or if this case must be dismissed for the 60 day rule violation.

As stated above, the first delay was to provide Defendant the opportunity to obtain a private counsel of his choosing and enable him to meet and confer with the counsel prior to arraignment. Defendant concedes that this amount of time is excusable. Reply to People's Opp'n to Def.'s Mot. For the Dismissal of the Compl., p.3 (Dec. 19, 2011). Nonetheless, while the Court determines that some delay attributed to time to select and confer with counsel prior to an arraignment constitutes good cause, the Court rejects the notion that an unlimited amount of time always constitutes good cause under *Rasauo II*. For all of the reasons stated below, and for the purposes of prompt arraignment, the Court finds that no more than thirty (30) days[2] is reasonable for a Court to provide a Defendant the opportunity to hire counsel prior to arraignment. Therefore, the Court finds that good cause is shown for the delay of June 22, 2011 until July 22, 2011[3]. The Court finds that there is no good cause shown for the delay July 23, 2011 until July 27, 2011, or four (4) days.

Next, the Court must determine if the time the Court allows a defendant to meet and confer with counsel prior to being arraigned is reasonable and constitutes good cause. Title 8 Guam Code Annotated section 45.30(c) provides that the Court shall allow reasonable time to a

---

[2] The Court encourages the arraignment judge to consider granting continuances for a defendant to obtain counsel no more than thirty (30) days.
[3] July 21, 2011 is a public holiday; thus pursuant to 8 GCA § 1.25(a) the thirtieth day is calculated as July 22, 2011.

defendant to meet and confer with counsel prior to being arraigned. Meeting with and discussing arraignment with counsel allows a defendant to understand the significance of the arraignment process as well as the defendant's rights, which are asserted or waived at arraignment. *Hamilton v. Alabama*, 368 U.S. 52 (1961). It is critical for a defendant to have this understanding at time of arraignment. *See e.g. Huston v. Com.*, 171 S.W.3d 743, 744-45 (Ky. Ct. App. 2005). Further, the concerns of Guam's Supreme Court in *People v. Rasauo*, 2011 Guam 1, are not present when a defendant is appointed counsel and the delay between the Complaint and the arraignment is partially attributed to the time necessary for a defendant to meet and confer with his appointed attorney. 2011 Guam 1 ¶ 53(quoted by *Rasauo*, 2011 Guam 14 ¶ 10).

In this case, Defendant argued that a reasonable amount of time for a defendant to meet and confer with an attorney prior to arraignment is no more than one (1) week. *See e.g.* Decl. of PDSC Investigator Sea Aguon Cruz, CM572-11 (Dec. 19, 2011). The Office of the Attorney General has argued in several cases that any delay of arraignment occasioned by a continuance granted by the magistrate court should be excused as good cause. The Court disagrees that a bright line rule of any delay caused by a court's calendaring of a criminal matter is automatically good cause under the 60 day rule. Guam's Supreme Court makes it clear that it intended the court and its officers to be subject to the prompt arraignment rule put forth in *Rasauo II. Rasauo*, 2011 Guam 14 ¶ 12; 8 GCA § 80.50(a)("It shall be the duty of all courts and judicial officers … to expedite such proceedings to the greatest degree that is consistent with the ends of justice"). *See also People v. Ilemelong*, CF150-10 (Super. Ct. Guam Jan. 13, 2012).

Further, the Court rejects the contention that any length of delays caused by the time provided to a defendant to meet and confer with an attorney is automatically good cause. The Court finds that a reasonable amount of delay attributed to the time a defendant needs to meet and confer with an attorney is good cause for purposes of the 60 day rule. *Cf. Flores*, 2009 Guam 22 ¶ 38. Since the onus is on all judicial officers and the prosecuting attorneys to ensure that a defendant is promptly arraigned, the Court holds that reasonable time, in the context of a continued arraignment after a defendant is appointed counsel, means no more than thirty (30)

days[4]. 8 GCA § 80.50(a). Therefore, the Court finds that twenty-eight (28) days is not an excessive amount of time for a court to provide a defendant to meet and confer with his attorney prior to being arraigned. Thus, the delay in this case is due to allowing Defendant time to meet and confer with counsel prior to arraignment is reasonable and constitutes good cause.

There are one hundred twelve (112) days between the filing of the Complaint and Defendant's arraignment. There is no good cause shown for the first delay of forty-nine (49) days between the filing of the Complaint and the date set by the Summons for the arraignment. There is good cause shown for the thirty-one (31) days after the first appearance for the Defendant to obtain counsel; however, there is not good cause shown for the four (4) days after that. There is good cause shown for the twenty-eight (28) days after the Defendant was appointed counsel at the July 27, 2011 hearing. There is no good cause shown for fifty-three (53) days; and good cause shown for fifty-nine (59) days of delay. Therefore, since the Court determines that there delay is justified and this case should not be dismissed Defendant's Motion is DENIED. *Rasauo*, 2011 Guam 14 ¶ 14. A criminal trial setting shall occur on February 27, 2012 at 9:30 a.m.

**IT IS SO ORDERED** this 24 of February, 2012.

**HONORABLE ELIZABETH BARRETT- ANDERSON**
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam

FEB 2 4 2012

Glenric J. Mendiola
Deputy Clerk, Superior Court of Guam

---

[4] The Court encourages the arraignment judge to consider only granting continuances for a defendant to meet with appointed counsel of two (2) weeks or less in light of the *Rasauo II* decision; however, the Court accepts that up to thirty (30) days is reasonable.